# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | : | Case No. 12-54671 |
| | : | |
| Kris A. Stephenson | : | Chapter 7 |
| | : | |
|     Debtor. | : | Judge C. Kathryn Preston |

_____

| | | |
|---|---|---|
| William B. Logan, Jr., Trustee | : | |
| 50 West Broad Street, Suite 1200 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 13-_____ |
| | : | |
| James C. Zury | : | |
| 758 Olde Mill Drive | : | |
| Westerville, Ohio 43082 | : | |
| | : | |
|     Defendant. | : | |

## **COMPLAINT FOR MONEY JUDGMENT AND TO AVOID FRAUDULENT TRANSFER**

**Jurisdiction and Venue**

1. Jurisdiction over this Adversary Proceeding is proper pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, and the General Order of Reference entered in this District.

2. Venue over this Adversary Proceeding is proper pursuant to 28 U.S.C. §1409.

3. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (H), and (O).

4. Debtor, Kris A. Stephenson, filed his voluntary Chapter 7 bankruptcy petition on May 30, 2012.

5.  Plaintiff is the appointed and acting trustee in Defendant's Chapter 7 bankruptcy case.

### Count I: Money Judgment

6.  Plaintiff incorporates Paragraphs 1-5 as if fully rewritten herein.

7.  Defendant, James C. Zury, entered into a business transaction with debtor beginning in 2007.

8.  Among other things, Debtor loaned funds to Defendant totaling approximately $75,000.00.

9.  Defendant repaid a portion of these loans, $15,254.04, by paying an obligation of the Debtor to IndyMac on a monthly basis until December 2010.

10. The right to collect the remaining funds due from Defendant to Debtor constitutes property of the bankruptcy estate under 11 U.S.C. Section 541.

11. Defendant owes to Plaintiff the sum of approximately $59,745.96, or an amount to be determined with more specificity at trial, plus interest at the current federal rate of interest from the date of judgment.

### Count II: Avoidance of Fraudulent Transfer

12. Plaintiff incorporates Paragraphs 1-11 as if fully rewritten herein.

13. In a Rule 2004 examination in this case, Defendant took the position that Debtor orally forgave the remaining balance of the loan from Debtor to Defendant in December 2010.

14. In the event that Debtor raises the defense of forgiveness of debt, or any similar defense, in this adversary proceeding, such forgiveness of debt constitutes a fraudulent transfer avoidable by Plaintiff under 11 U.S.C. Section 548, 11 U.S.C. Section 544(b) and Ohio Revised Code Chapter 1336.01 et seq.

15. Debtor received no consideration for any alleged forgiveness of debt and, upon information and belief, Debtor denies that he forgave Defendant's debt to him. Debtor listed this claim against Defendant in Schedule B of his schedules at a value of $80,000.00. The alleged forgiveness of debt will be referred to hereinafter as the "Transfer."

16. The Transfer was made by the Debtor with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that the Transfer occurred, indebted.

17. The Debtor received less than a reasonably equivalent value in exchange for the Transfer.

18. The Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer.

19. The Debtor was engaged in business or a transaction or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital at the time the Transfer was made.

20. The Debtor intended to incur or believed that the Debtor would incur, debts which would be beyond his ability to pay as such debts matured at the time the Transfer was made.

21. The Transfer constitutes a fraudulent transfer from Debtor to Defendant avoidable by Plaintiff pursuant to 11 U.S.C. §548.

22. Pursuant to 11 U.S.C. §550, Plaintiff may recover the Transfer, or its value from Defendant.

23. Pursuant to 11 U.S.C. Section 544(b)(1), Plaintiff may avoid any transfer of an interest of the Debtor that is voidable under applicable law by a creditor holding an unsecured

claim that is allowable under Section 502 of the Bankruptcy Code or that is not allowable only under Section 502 (e) of the Bankruptcy Code.

24. An unsecured creditor of Debtor meeting the requirements of Section 544(b)(1) existed at the time of the Transfer.

25. Plaintiff may avoid the Transfer under 11 U.S.C. Section 544(b)(1) and Ohio Revised Code Chapter 1336.01 et seq.

26. Pursuant to 11 U.S.C. §550, Plaintiff may recover the Transfer, or its value from Defendant.

27. The Transfer, once avoided, is preserved for the benefit of the estate pursuant to 11 U.S.C. Section 551.

28. Plaintiff is entitled to a judgment against Defendant avoiding and invalidating the Transfer as a fraudulent transfer, for an order preserving the Transfer for the benefit of the bankruptcy estate, and for a money judgment in favor of Plaintiff, and against Defendant, in the sum of approximately $59,745.96, or an amount to be determined with mores specificity at trial, plus interest at the current federal rate of interest from the date of judgment.

WHEREFORE, Plaintiff demands against Defendant as follows:

1. As to Count I:  For judgment in favor of Plaintiff and against Defendant in the amount of approximately $59,745.96, or an amount to be determined with mores specificity at trial, plus interest at the current federal rate of interest from the date of judgment.

2. As to Count II:  For judgment in favor of Plaintiff and against Defendant, avoiding and invalidating the Transfer as a fraudulent transfer, for an order preserving the

4

Transfer for the benefit of the bankruptcy estate, and for a money judgment in favor of Plaintiff, and against Defendant, in the sum of approximately $59,745.96, or an amount to be determined with mores specificity at trial, plus interest at the current federal rate of interest from the date of judgment.

        Respectfully submitted:
        LUPER NEIDENTHAL & LOGAN
        A Legal Professional Association

        /s/  Frederick M. Luper
        Frederick M. Luper, Case Attorney
        for Plaintiff, William B. Logan, Jr., Trustee
        50 West Broad Street, Suite 1200
        Columbus, OH 43215
        (614) 221-7663  Fax (866) 345-4948
        Supreme Court number:  0019289
        fluper@LNLattorneys.com